# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRINA GUMBS, | : |
| Plaintiff, | : |
| v. | : C.A. No.: 15-00190-RGA |
| DELAWARE DEPARTMENT OF LABOR, | : |
| Defendant. | : |

Tasha Marie Stevens, Esq., Fuqua, Yori, and Willard, P.A., Georgetown, DE. Attorney for Plaintiff.

Oliver J. Cleary, Esq., and Kenisha L. Ringgold, Esq., State of Delaware Department of Justice, Wilmington, DE. Attorneys for Defendant.

## MEMORANDUM OPINION

June 17, 2015
Wilmington, Delaware

ANDREWS, U.S/ District Judge:

Plaintiff Trina Gumbs filed this Equal Pay Act action against Defendant State of Delaware Department of Labor pursuant to 29 U.S.C. §§ 216 and 206(d). Before the Court is Defendant's motion to dismiss. (D.I. 9).

## BACKGROUND

Plaintiff began working for the State of Delaware Department of Labor's (hereinafter "DDOL") Office of Anti-Discrimination (hereinafter "OAD") in 1996. (D.I. 1, ¶ 6). She held multiple positions before advancing to the Labor Law Enforcement Supervisor position in 2006. (*Id.* at ¶ 7). Plaintiff received a temporary promotion to OAD Administrator in December 2011. (*Id.* at ¶ 8). Because of the promotion to OAD Administrator, her pay and duties increased to correspond to her new position. (*Id.*)

In March 2012, the DDOL posted the job opening for the OAD Administrator position, also known as the Regulatory Specialist position, for which Plaintiff applied. (*Id.* at ¶¶ 9-10). She did not receive the position. (*Id.* at ¶ 12). Instead, the DDOL hired Daniel McGannon, a male, in June 2012. (*Id.* at ¶ 13). Because the DDOL filled the Regulatory Specialist position, Plaintiff was then returned to her previous position of Labor Law Enforcement Supervisor. (*Id.* at ¶ 17). Her pay decreased to match the position. (*Id.*).

After the hiring of McGannon, Plaintiff alleges that she was required to train him and to continue to perform the duties of Regulatory Specialist. (*Id.* at ¶ 19). Plaintiff also alleges that McGannon's and her "positions have required the same skill, effort, and responsibility under similar working conditions in the same establishment." (*Id.* at ¶

20). Finally, she alleges that McGannon has been paid more than herself, asserting that DDOL has violated the Equal Pay Act in doing so. (*Id.* at ¶ 21).

Plaintiff originally filed this action in the Superior Court of the State of Delaware in conjunction with a Title VII claim. (D.I. 10, p. 1). Defendant moved to dismiss that suit, asserting that the Eleventh Amendment did not allow for Plaintiff's Equal Pay Act claim against the State of Delaware in state court. (*Id.*). Plaintiff then filed the instant complaint in this Court. (D.I. 11, p. 3). Plaintiff amended her complaint in Superior Court to remove the Equal Pay Act claim, which the Superior Court allowed. (*Id.*). Plaintiff's Title VII claim remains pending in Superior Court. (D.I. 10, p. 2).

Defendant moves to dismiss Plaintiff's instant complaint, asserting that Plaintiff has failed to state a cognizable claim under the Equal Pay Act and has violated the claim-splitting doctrine. Plaintiff opposes the motion.

## STANDARD OF REVIEW

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 9). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Although plaintiffs do not have to provide "detailed factual allegations," plaintiffs "must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a

2

claim to relief that is plausible on its face." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Parties may also seek dismissal of a "later-filed action on the grounds that it is duplicative of an earlier-filed action" using Rule 12(b)(6). *Leonard v. Stemtech Int'l, Inc.*, 2012 WL 3655512, at *4 (D. Del. Aug. 24, 2012).

If a complaint is vulnerable to dismissal based on an affirmative defense, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108) (3d Cir. 2002)). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. *Id.* at 236.

## DISCUSSION

Defendant moves to dismiss pursuant to Rule 12(b)(6) on the grounds that: (1) Plaintiff has violated the claim-splitting doctrine by filing the instant action in District Court and (2) Plaintiff has not presented a cognizable claim under the Equal Pay Act.

### Claim-Splitting

Defendant argues that Plaintiff has violated the claim-splitting doctrine by filing this action in District Court after originally filing it in conjunction with her Title VII claim in the Superior Court. (D.I. 10, pp. 10-11). The claim-splitting doctrine "'prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.'" *Leonard*, 2012 WL 3655512, at *5 (quoting

3

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004)). It "applies 'when, like here, two suits are pending at the same time.'" *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2009 WL 2016436, at \*3 (D. Del. July 9, 2009) (quoting *Sensormatic,* 329 F. Supp. 2d at 579 n. 4).

Plaintiff has not violated the claim-splitting doctrine. Although originally a part of the action currently in the Superior Court, Plaintiff's Equal Pay Act claim arises out of a separate wrong from her Title VII claim. Plaintiff's Title VII claim focuses on the allegation that DDOL did not hire Plaintiff for the position of Regulatory Specialist because of her gender. (D.I. 11, Exhibit C). Plaintiff's claim in this Court focuses on the discrepancy in pay between employees of opposite genders who are performing equal work. These allegations would allow for independent relief from the Title VII claim. Therefore, claim-splitting is not an issue in this case.

## Equal Pay Act

Defendant argues that Plaintiff's claim resembles a failure to promote claim and that it is not covered under the Equal Pay Act. (D.I. 10). To state a valid Equal Pay Act claim, a plaintiff must assert that "an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skills, effort, and responsibility, and which are performed under similar working conditions.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Alleged discrimination in promotion goes "beyond the scope of the Equal Pay Act." *Gaul v. Zep Mfg. Co.*, 2004 WL 234370, at \*4, n.5 (E.D. Pa. Jan. 30, 2004) (quoting *Schellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 130 (7th Cir. 1989)).

4

Defendant characterizes Plaintiff's claim as failure to promote because Plaintiff temporarily held the position of Regulatory Specialist before DDOL hired Daniel McGannon for the position. (D.I. 10, p. 7). Defendant argues that Plaintiff's claim arises out of her failure to be chosen for Regulatory Specialist and her subsequent demotion to Labor Law Enforcement Supervisor. (*Id.*). Although Plaintiff's complaint discusses her temporary promotion and subsequent demotion, her complaint does not allege discrimination in the hiring process. (D.I. 1). The focus of Plaintiff's claim is on what occurred after DDOL hired Mr. McGannon and the alleged discrepancy in pay between Plaintiff and McGannon despite performing the same work and holding the same responsibilities. (*Id.* at ¶¶ 18-21). Therefore, Plaintiff's claim is not synonymous with a failure to promote claim and does not go beyond the Equal Pay Act's scope.

Although Plaintiff's claim may not go beyond the Equal Pay Act's scope, she has not met her pleading obligation. She alleges that she has performed the same duties and that her position has required the same skill, effort, and responsibility as her male co-worker while being paid less than him. (D.I. 1, ¶¶ 20-21). However, her allegations are conclusory and do not equate to more than a recitation of the elements of an Equal Pay Act claim. Under *Twombly*, plaintiffs must do more than provide a "formulaic recitation of a cause of action's elements." 550 U.S. at 545.

Plaintiff does not have to provide a detailed account but her allegations should go beyond the conclusory statements in the complaint. Plaintiff notes in the complaint that Regulatory Specialist holds more duties and receives higher pay than the Labor Law Enforcement Supervisor. (D.I. 1, ¶¶ 8-9). Therefore, a plausible complaint might describe the duties and responsibilities of the Regulatory Specialist which necessitate

the higher salary. It would then also include allegations of Plaintiff performing those same duties and responsibilities.

In addition, a plausible complaint might describe the relationship between the Regulatory Specialist and Labor Law Enforcement Supervisor positions. If the Regulatory Specialist is a supervisory role, as Defendant asserts in its brief (D.I. 10, pp. 7-8), who does the Regulatory Specialist supervise? If the Regulatory Specialist is responsible for overseeing Plaintiff in her role, then it does not seem plausible that the two positions have equal duties and responsibilities. Therefore, the Court will grant Defendant's motion to dismiss. However, because it is possible that Plaintiff may be able to revise her factual allegations in order to state a claim, she will be given an opportunity to amend the complaint.

## CONCLUSION

Because Plaintiff has not sufficiently met her pleading obligation, the Court will grant Defendant's motion to dismiss. (D.I. 9). Plaintiff will be given leave to file an amended complaint, as it is possible that she could successfully replead it, based on additional, non-conclusory facts. Plaintiff will have twenty-one days to file an amended complaint.

An appropriate order will be entered.

6