IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRINA GUMBS, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 15-00190-RGA |
| DELAWARE DEPARTMENT OF LABOR, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 17 day of September, 2015, having reviewed Defendant's motion to dismiss Plaintiff's Equal Pay Act claim and the papers filed in connection therewith,

IT IS ORDERED that Defendant's motion to dismiss Plaintiff's Equal Pay Act claim (D.I. 16) is DENIED for the following reasons:

### BACKGROUND

Familiarity with the first opinion (D.I. 13), decided June 17, 2015, is assumed. On July 2, 2015, Plaintiff filed a timely amended complaint revising her factual allegations in order to state a claim. (D.I. 15). In response, Defendant moved to dismiss Plaintiff's amended complaint. (D.I. 16). Plaintiff opposed Defendant's motion (D.I. 17), and Defendant filed a reply to Plaintiff's opposition. (D.I. 18).

### STANDARD OF REVIEW

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 16). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court

1

concludes that those allegations "could not raise a [facially plausible] claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *see Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

## DISCUSSION

Defendant argues that Plaintiff's Equal Pay Act claim fails because it is inherently implausible that a supervisor and subordinate can have equal duties and responsibilities. (D.I. 16). To state a valid Equal Pay Act claim, a plaintiff must assert that "an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Defendant contends Plaintiff's admission that the job description of Regulatory Specialist includes oversight of the Labor Law Enforcement Supervisor renders it impossible for the Labor Law Enforcement Supervisor to possess responsibility equal to that of the Regulatory Specialist. (D.I. 16).

Yet, Plaintiff alleges in the amended complaint that despite the titles and descriptions of the two positions, Plaintiff, in her position of Labor Law Enforcement Supervisor, actually oversees and performs the work of the Regulatory Specialist. (D.I. 15). Additionally, Plaintiff describes the relationship between the two positions as "most akin to job sharing." *Id.* The pertinent issue for determining equal work under the Equal Pay Act is "not the name under which the position was classified but what was actually done[,]" and employers are prohibited from "rely[ing] merely on the job description" in defending against Equal Pay Act claims. *Brobst v. Columbus Servs. Int'l*, 761 F.2d 148, 155 (3d Cir. 1985).

2

Unlike Plaintiff's first complaint, the amended complaint, as required by *Twombly*, alleges facts that go beyond a "formulaic recitation of a cause of action's elements" and conclusory statements. 550 U.S. at 545. Plaintiff included in the amended complaint a description of the duties and responsibilities of the Regulatory Specialist, the relationship between the two positions at issue, and allegations of Plaintiff's performance of the same duties and responsibilities that necessitate the Regulatory Specialist's higher salary. *Id.* Thus, Plaintiff has met her obligation to plead "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Williams*, 765 F.3d at 315 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss Plaintiff's Equal Pay Act action (D.I. 16) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

3