IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRINA GUMBS | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 15-190-RGA-MPT |
| DELAWARE DEPARTMENT OF LABOR, | ) ) ) ) | |
| Defendant | ) ) | |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On October 16, 2014, Gumbs ("plaintiff") filed a Complaint in the Sussex County Superior Court of the State of Delaware, which alleged the Delaware Department of Labor ("defendant") violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act of 1963 ("EPA").[1] Defendant filed a Motion to Dismiss on December 2, 2014.[2] This matter currently remains pending in state court.[3]

On January 27, 2015, plaintiff filed the present action in the District Court for the District of Delaware, alleging an EPA violation.[4] She then dismissed her EPA claim in the Superior Court.[5] Defendant responded with a motion to dismiss in this Court, which was granted with leave to amend the Complaint.[6] In response to the Amended

---

[1] See D.I. 45 at 1.
[2] See id.
[3] See id.
[4] See id.
[5] See id. at 1-2.
[6] See id. at 2.

Complaint, defendant moved to dismiss it, which was denied.[7] Defendant then filed an Answer to the Amended Complaint and has now moved for summary judgment.[8] For the reasons stated below, it is recommended that defendant's motion be granted.

## II.    BACKGROUND

Plaintiff was employed at the Office of Anti-Discrimination ("OAD") from 1996 to 2015.[9] During this time, she was ultimately promoted to Labor Law Enforcement Supervisor ("LLES").[10] In December 2011, the OAD Regulatory Specialist left her position, resulting in a vacancy.[11] Defendant did not immediately fill this position.[12] In the interim, plaintiff was temporarily promoted to the acting OAD Regulatory Specialist and received a temporary pay increase for this position.[13] The OAD Regulatory Specialist job posting listed two preferred qualifications: "(1) experience in resolving employment and/or discrimination complaints; and (2) possession of a Juris Doctorate."[14] Five candidates, including plaintiff, were interviewed for the position.[15] Daniel McGannon, who had a Juris Doctorate and previous experience with employment discrimination, was chosen for the position.[16]

Following McGannon's hiring, plaintiff returned to her original position and pay as

---

[7] See id.
[8] See id.
[9] See D.I. 47 at 3.
[10] See id.
[11] See D.I. 45 at 3.
[12] See id.
[13] See id.
[14] Id.
[15] See id.
[16] See id.

2

a LLES.[17] Because of McGannon's unfamiliarity with the OAD's operations, plaintiff began training him and performing some of his duties.[18] Plaintiff continued to work in a satellite office in Milford, while McGannon worked in the Wilmington office.[19]

On April 1, 2013, plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC").[20] On July 21, 2014, the EEOC dismissed plaintiff's allegations and issued her a Notice of the Right to File Suit.[21]

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] The movant bears the burden of establishing the lack of a genuinely disputed material fact by demonstrating "that there is an absence of evidence to support the nonmoving party's case."[23] "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[24] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."[25]

---

[17] See id.; D.I. 1 at 3.
[18] See D.I. 45 at 4; D.I. 47 at 3-4.
[19] See D.I. 45 at 4.
[20] See id.
[21] See id.
[22] FED. R. CIV. P. 56(a).
[23] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
[24] Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir.1995) (internal citations omitted).
[25] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

"A claim under the Equal Pay Act follows a two step burden-shifting paradigm."[26] To establish a prima facie case under the EPA, "a plaintiff must demonstrate that she and a member of the opposite sex: (1) worked in the same establishment; (2) received unequal wages; (3) for work that was equal in terms of skill, effort, and responsibility; and (4) that was performed under similar working conditions."[27] Skill is measured by factors such as "experience, training, education, and ability."[28] Effort is defined as the "measurement of the physical or mental exertion needed for the performance of a job."[29] Responsibility concerns the "degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation."[30]

After a plaintiff has established a prima facie case, the burden of proof then switches to the employer "to demonstrate the applicability of one of the four affirmative defenses specified in the Act:" (1) bona fide seniority system, (2) merit system, (3) system measuring earnings by quantity or quality of production, or (4) any other factor other than sex.[31] Therefore, the employer must prove at least one affirmative defense "so clearly that no rational jury could find to the contrary" to succeed on a summary judgment motion when a plaintiff has established a prima facie case.[32]

---

[26] *Tillman v. Pepsi Bottling Group, Inc.*, 538 F.Supp.2d 754, 773 (3d Cir. 2008) (citing *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000); *EEOC v. Delaware Dep't of Health and Human Servs.*, 865 F.2d 1048, 1413-14 (3d Cir. 1989)).
[27] *Id.* (citing 29 U.S.C. § 206(d)(1)).
[28] 29 C.F.R. § 1620.15.
[29] 29 C.F.R. § 1620.16.
[30] 29 C.F.R. § 1620.17.
[31] *Tillman*, 538 F.Supp.2d at 773. *See also* 29 U.S.C.A. § 206(d)(1).
[32] *Stanziale*, 200 F.3d at 107.

4

## IV. DISCUSSION

### A. FAILURE TO PROMOTE

Defendant seeks to characterize this case as a failure to promote matter.[33] As this court previously concluded, plaintiff's complaint does not allege discrimination in the hiring process for the Regulatory Specialist position.[34] Instead, plaintiff alleges that she and McGannon were not paid equally, despite their equal work.[35] Because plaintiff does not allege failure to promote, this court will not analyze this claim.

### B. PRIMA FACIE CASE

As noted previously, to establish a prima facie case, plaintiff must demonstrate she and a member of the opposite sex have certain elements in common.[36] First, plaintiff and McGannon, opposite-sex colleagues, worked in the same establishment - the OAD.[37] Second, plaintiff and McGannon received unequal wages: McGannon was paid at a Pay Grade 18, while plaintiff was paid at a Pay Grade 15.[38] There was a difference of over $10,000 per year between these pay grades.[39]

Primarily at issue is the third prong: equal work in terms of skill, effort, and responsibility.[40] Specifically, parties disagree as to whether plaintiff and McGannon had

---

[33] See D.I. 45 at 17-19; D.I. 49 at 4-7.
[34] See *Gumbs v. Delaware Department of Labor*, 2015 WL 3793539 at *2 (D. Del. June 17, 2015). See also D.I. 47 at 1.
[35] See D.I. 1 at 3-4; D.I. 47 at 1.
[36] See *Tillman v. Pepsi Bottling Group, Inc.*, 538 F.Supp.2d 754, 773 (3d Cir. 2008) (citing 29 U.S.C. § 206(d)(1)).
[37] See D.I. 47 at 8.
[38] See id. at 14.
[39] See id.
[40] See D.I. 45 at 14-16; D.I. 47 at 8-13.

equal responsibility.[41]  Responsibility means the "degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation."[42] Defendant contends McGannon was plaintiff's superior with a higher degree of accountability, and therefore, there was a dissimilarity in job responsibility between McGannon and plaintiff.[43]  Plaintiff, however, argues that her consistent performance and execution of McGannon's duties necessarily evince her equal skill, effort, and responsibility.[44]

Plaintiff claims the parties' superiors directed questions to both of them, indicating shared accountability and equal responsibility between plaintiff and McGannon.[45]  Plaintiff cites *Tillman v. Pepsi Bottling Group, Inc.*, in which the court declined placing substantial weight on employees' titles when determining equal work.[46] Plaintiff's reliance on *Tillman* is misplaced.  The plaintiff in *Tillman* and her coworkers of the opposite sex did not have unequal *responsibilities*, but rather different *duties*.[47] Because the parties had equal responsibilities, but differing job titles, the *Tillman* court declined to give weight to formal job titles, and deemed the plaintiff's work equal based on equal responsibility.[48]  The plaintiff in *Tillman* was not the manager or superior of her

---

[41] *See* D.I. 45 at 14-16; D.I. 47 at 13.
[42] 29 C.F.R. § 1620.17.
[43] *See* D.I. 45 at 15.
[44] *See id.* at 12.
[45] *See* D.I. 47 at 13.
[46] *See id.* at 11.  *See also Tillman v. Pepsi Bottling Group, Inc.*, 538 F.Supp.2d 754 (3d Cir. 2008).
[47] *See Tillman*, 538 F.Supp.2d at 762-3 ("Despite having similar responsibilities, plaintiff did not perform all of the specified relief driver duties").
[48] *See id.* at 774-5.

male coworkers, or vice versa.[49] The court in *Tillman* noted that the EPA "does not require that the jobs in question be identical, only that they must be substantially equal."[50]

Here, plaintiff, as the LLES, answered to McGannon, the Regulatory Specialist, and did not have the same degree of accountability as her supervisor.[51] McGannon, as the Regulatory Specialist, supervised plaintiff and her subordinates.[52] His core duties included: hiring labor law investigators and LLES, signing leave requests, overseeing the mediation program, responding to FOIA requests, handling constituent contracts, community outreach, employee discipline, and identifying areas of improvement to policies and procedures.[53] Although plaintiff performed some of McGannon's duties, her job was not substantially equal because she did not have equal *responsibility*.[54] She still reported and answered to McGannon, who had a higher degree of accountability and job obligations.[55] Because McGannon and plaintiff had unequal responsibilities, their work was not equal.

Finally, the fourth prong is met because, although McGannon and plaintiff worked at different locations, the Milford and Wilmington sites performed the same functions and were similarly equipped to handle OAD business.[56] Since plaintiff is unable to demonstrate equal responsibility for equal work, she fails to establish a prima facie case

---

[49] *See id.* at 762.
[50] *Id.* at 774.
[51] *See* D.I. 45 at 3.
[52] *See* D.I. 45 at 15.
[53] *See id.* at 15-16.
[54] *See* D.I. 47 at 10-11; D.I. 45 at 15-16.
[55] *See* D.I. 45 at 3; 15-16.
[56] *See* D.I. 47 at 14.

necessary to survive a motion for summary judgment.

### C. AFFIRMATIVE DEFENSES

Plaintiff avers defendant failed to demonstrate any of the four available defenses which clearly explain the reason for the difference in pay, such "that no rational jury could make a determination to the contrary."[57]

However, claims under the Equal Pay Act follow "a two step burden-shifting paradigm."[58] Only after a plaintiff carries her burden of establishing a prima facie case does the burden shift to the defendant to demonstrate an affirmative defense.[59] In light of this court's finding of plaintiff's failure to establish a prima facie case, whether defendant has demonstrated one of the four affirmative defenses need not be addressed.

## V. CONCLUSION

For the foregoing reasons, I recommend that Defendant's motion for summary judgment (D.I. 44) be granted.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Objections and responses are limited to ten (10) pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for

---

[57] *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000) (quoting *E.E.O.C. v. Del. Depart. of Health and Social Services*, 865 F.2d 1408, 1414 (3d Cir. 1989)).

[58] *Tillman v. Pepsi Bottling Group, Inc.*, 538 F.Supp.2d 754, 773 (3d Cir. 2008) (citing *Stanziale*, 200 F.3d at 107; *EEOC v. Delaware Dep't of Health and Human Servs.*, 865 F.2d 1048, 1413-14 (3d Cir. 1989)).

[59] *See id.* (citing *Stanziale*, 200 F.3d at 107).

Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Date: June 12, 2017          /s/ Mary Pat Thynge
                             UNITED STATES MAGISTRATE JUDGE