IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRINA R. GUMBS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF DELAWARE<br>DEPARTMENT OF LABOR,<br><br>Defendant. | Civil Action No. 15-190-RGA |

## MEMORANDUM

The Magistrate Judge has filed a Report and Recommendation. (D.I. 51). It recommends granting summary judgment to Defendant. Plaintiff has filed objections, to which the Defendant has responded. (D.I. 52, D.I. 54). The matter is now before this Court. For the reasons that follow, **IT IS HEREBY ORDERED** that the Court **OVERRULES** Plaintiff's Objections (D.I. 52) and **ADOPTS** the Magistrate Judge's Report and Recommendation. (D.I. 51).

I.     **BACKGROUND**

From 1996 to 2015, Trina Gumbs, Plaintiff, was employed at the Office of Anti-Discrimination ("OAD"). (D.I. 15 ¶ 6). Plaintiff was promoted throughout her tenure and eventually became a Labor Law Enforcement Supervisor. (*Id.* ¶ 7). Due to a vacancy, Plaintiff was appointed as interim acting OAD Regulatory Specialist, which included a temporary pay increase for the position. (*Id.* ¶ 10). The OAD created a job posting for the Regulatory Specialist position and listed two preferred qualifications: "(1) experience in resolving employment and/or discrimination complaints; and (2) possession of a Juris Doctorate." (D.I. 45 at 7). Five candidates, including Plaintiff and Daniel McGannon, were interviewed for the position. (*Id.*).

1

McGannon, a lawyer with a J.D. and previous experience with employment discrimination, was hired as the new Regulatory Specialist. (*Id.*).

Following McGannon's hiring, Plaintiff returned to her position and pay as a Labor Law Enforcement Supervisor, subordinate to McGannon. (D.I. 15 ¶ 20). "Because of McGannon's unfamiliarity with the OAD's operations, [Plaintiff] began training him and performing some of his duties." (D.I. 51 at 3). McGannon worked from the OAD's Wilmington, Delaware office, while Plaintiff worked from the OAD's satellite office in Milford, Delaware. (D.I. 45 at 4).

Plaintiff filed a one-count complaint against Defendant for violation of the Equal Pay Act ("EPA"). This complaint has been amended. (D.I. 15).

## II. LEGAL STANDARDS

### A. STANDARD OF REVIEW

A magistrate judge may make a report and recommendation regarding a case-dispositive motion. *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 444 (3d Cir. 2005). "When reviewing the decision of a Magistrate Judge on a dispositive matter, the Court conducts a *de novo* review." 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b)(3); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014). A summary judgment motion is considered a dispositive motion. D. DEL. LR 72.1(3). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The Court may "accept, reject, or modify the recommended disposition…" of the magistrate judge. *Id.*

### B. SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

2

CIV. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

## III. ANALYSIS

### A. FAILURE TO PROMOTE

Defendant argues Plaintiff's claim is a failure to promote claim. (D.I. 45 at 21-23; D.I. 49 at 8-11). As did the Magistrate Judge, I disagree. Plaintiff's complaint clearly states her claim as an EPA violation. (D.I. 15 at 4). I will not analyze the claim as a failure to promote claim since Plaintiff has not alleged it.

### B. EQUAL PAY ACT VIOLATION

Plaintiff's EPA violation claim must follow "a two step burden-shifting paradigm." *Tillman v. Pepsi Bottling Group, Inc.*, 538 F.Supp.2d 754, 773 (D. Del. 2008). In order for Plaintiff to establish a prima facie case of unequal pay, Plaintiff "must demonstrate that she and a member of the opposite sex (1) worked in the same establishment; (2) received unequal wages; (3) for work that was equal in terms of skill, effort, and responsibility; and (4) that was performed under similar working conditions." *Id.* (citing 29 U.S.C. § 206(d)(1)). The burden then shifts to Defendant to show one of the four affirmative defenses "where different payment to employees of opposite sexes 'is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential

3

based on any other factor other than sex.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195-96 (1974) (citing 29 U.S.C. § 206(d)(1)).

The Magistrate Judge held that Plaintiff did create a disputed material fact on the issue of whether the work was equal in terms of skill, effort, and responsibility. (D.I. 51 at 7-8). **check** She therefore did not reach the affirmative defenses.

### i. PRIMA FACIE CASE

The parties do not dispute that the requirements of three of the four prongs of the prima facie case are met. Plaintiff objects to the finding of the Magistrate Judge that the third prong is not met for two reasons: (1) the finding lacks a fact-intensive examination into the job duties and responsibilities required by the EPA; and (2) McGannon's "additional supervisory tasks do not constitute unequal responsibility as a matter of law." (D.I. 52 ¶ 3).

As noted, Plaintiff and McGannon are of different genders. To satisfy the first prong of the test, Plaintiff must demonstrate that she and McGannon "worked in the same establishment." 29 U.S.C. § 206(d)(1). The first prong is met because Plaintiff and McGannon both worked for the OAD. (D.I. 47 at 11). To satisfy the second prong of the test, Plaintiff must demonstrate that she and McGannon "received unequal wages." 29 U.S.C. § 206(d)(1). The second prong is met because Plaintiff was Pay Grade 15, and McGannon was Pay Grade 18. (D.I. 47 at 17). There is a pay difference between the pay grades that exceeded $10,000 per year. (*Id.*). To satisfy the fourth prong of the test, Plaintiff must demonstrate that she and McGannon worked "under similar working conditions." 29 U.S.C. § 206(d)(1). The fourth prong requirements are met because even though the parties worked in different locations, the OAD offices "had the same capabilities and could carry out all the functions of the OAD." (D.I. 47 at 17). Therefore, Plaintiff's and McGannon's work were performed under similar working conditions.

4

The third prong is at issue in Plaintiff's objections. To satisfy the third prong of the test, Plaintiff must demonstrate that she and McGannon performed work that "was equal in terms of skill, effort, and responsibility." 29 U.S.C. § 206(d)(1). Plaintiff objects to the Magistrate Judge's findings, arguing that there was no fact intensive evaluation of job duties and responsibilities and that McGannon's additional supervisory tasks do not constitute unequal "responsibility" as a matter of law. "Responsibility" concerns "the degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation." 29 C.F.R. § 1620.17.

Once Plaintiff returned to the Labor Law Enforcement Supervisor position, all the Regulatory Specialist position accountability was passed to McGannon. The Regulatory Specialist's core duties were hiring new employees, signing leave requests, overseeing the mediation program, responding to Freedom of Information Act ("FOIA") requests, handling constituent contacts, handling community outreach, disciplining employees, and identifying areas of improvements to policies and procedures. (D.I. 48 at 36, Dep. 29:13-31:1).

McGannon assumed the responsibility of all the core duties but delegated some tasks to Plaintiff. Normally McGannon would be the sole person responsible for hiring, but Plaintiff was involved on a panel for the hiring decision process for a new employee once. (D.I. 48 at 37-38, Dep. 36:20-38:14). McGannon informed Plaintiff "that approving overtime was no longer her responsibility" after Plaintiff approved a leave request. (D.I. 45 at p. 15 n. 90; D.I. 46 Ex. A). McGannon oversaw all mediation programs, and Plaintiff did not oversee any of the mediation programs. (D.I. 48 at 39, Dep. 43:6-7). McGannon oversaw all FOIA requests. (D.I. 46 Ex. J). Although Plaintiff oversaw two outreach training engagements during McGannon's tenure as Regulatory Specialist, McGannon conducted multiple outreach training engagements each year.

5

(D.I. 48 at 40-41, Dep. 48:14-51:13; D.I. 46 Ex. F). Although Plaintiff completed some of McGannon's duties, Plaintiff and her subordinates answered to McGannon, and McGannon was accountable for their work. Plaintiff even acknowledged McGannon's authority over her position. (D.I. 46 Ex. H (discussing whether McGannon was reprimanding Plaintiff for a policy change without his prior approval)). McGannon also had the responsibility to conduct performance evaluations of Plaintiff and the entire staff. (D.I. 47 at p. 4; D.I. 48 at 43, Dep. 58:4-22). McGannon reviewed and revised Plaintiff's work. (D.I. 46 Exs. B-C).

Plaintiff contests that McGannon's additional supervisory tasks do not constitute unequal responsibilities. (D.I. 52 ¶ 2). I disagree. Plaintiff relies solely on two Fifth Circuit cases stating that the "substantially equal test implies that there can be job responsibilities, including supervisory duties that are so minor that the jobs still require equal pay." (D.I. 52 at 3 (citing *Hill v. J.C. Penney Co.*, 688 F.2d 370, 373-74 (5th Cir. 1982); *Hodgson v. American Bank of Commerce*, 447 F.2d 416, 422 (5th Cir. 1971))). In *Hill v. J.C. Penney Co.*, the court held the supervisor position "entailed only theoretical responsibility" but had no real added responsibility. *Hill*, 688 F.2d at 373-74. This case is distinguishable because McGannon and Plaintiff had unequal responsibility. McGannon had real added responsibility for the Regulatory Specialist core duties and for supervising his subordinates. Although some of McGannon's core duties were also performed by Plaintiff, McGannon was solely accountable for the work performed. No material facts are disputed. The actual duties and responsibilities of the Regulatory Specialist and the Labor Law Enforcement Supervisor are not equal. The actual duties and responsibilities of Plaintiff and McGannon are not equal. As the record shows, Plaintiff and McGannon do not have equal responsibilities for equal work. Thus, the third prong is not met. Since Plaintiff is

6

unable to demonstrate equal responsibility for equal work, she fails to establish a prima facie case necessary to survive a motion for summary judgment.

### ii. AFFIRMATIVE DEFENSES

Under the two step burden-shifting paradigm, the burden would shift to Defendant to raise an affirmative defense once Plaintiff has demonstrated that each prong of the four prong test. However, Plaintiff has not met her burden. Therefore, no analysis is needed to determine whether Defendant has demonstrated an affirmative defense.

## IV. CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Plaintiff's Objections (D.I. 52) and **ADOPTS** the April 6, 2017 Report and Recommendation (D.I. 51). Defendant's Motion for Summary Judgment (D.I. 44) is **GRANTED**.

A separate order will be entered.

_____<br>
United States District Judge